**RAGLAND INVESTMENT COMPANY, Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

**Elizabeth L. RAGLAND, Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

**H. H. RAGLAND, Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

**Nos. 20225-20227.**

United States Court of Appeals, Sixth Circuit.

Dec. 8, 1970.

---

Terry Bray, Tax Division, Dept. of Justice, Washington, D. C., for respondent-appellant; Johnnie M. Walter, Asst. Atty. Gen., Lee A. Jackson, Thomas L. Stapleton, Stanley L. Ruby, Daniel B. Rosenbaum, Attys., Dept. of Justice, Washington, D. C., on brief.

D. L. Lansden, Nashville, Tenn., for petitioners-appellees; William Waller, Nashville, Tenn., on brief; Waller, Lansden, Dortch & Davis, Nashville, Tenn., of counsel.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

The Commissioner of Internal Revenue appeals from the decision of the United States Tax Court in favor of the taxpayers.

Two questions are presented: (1) Whether income received by the taxpayers from preferred stock issued to them in exchange for the sale of their business constituted dividends, as the taxpayers claim and the Tax Court found, or interest as asserted by the Commissioner; and (2) whether this ultimate finding by the Tax Court presents a question of law as contended by the Commissioner, or an issue of fact to which the clearly erroneous standard of Rule 52(a), Fed.R.Civ.P., is applicable.

The decision of the Tax Court is reported at 52 T.C. 867. Reference is made to that decision for a recitation of the facts. We affirm.

The buying corporation issued preferred stock to the sellers. This preferred stock thereafter was redeemed. The taxpayers contend that the payments received by them was dividend income. The Commissioner asserts that these payments were interest. The Tax Court found that the cumulative preferred stock in the buying corporation issued to the sellers represented an equity investment and that payments made with respect to it were dividends.

The Commissioner asserts that the ultimate question of whether the preferred stock issued to the taxpayers by the buying corporation is equity or debt for tax purposes is a question of law and not a question of fact, and that the clearly erroneous standard of review does not apply. The Commissioner undertakes to distinguish Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218, and asks this Court to reverse decisions in which we have followed *Duberstein* in applying the clearly erroneous standard of review in cases presenting comparable factual situations. See, e. g., Austin Village, Inc. v. United States, 432 F.2d 741 (6th Cir.); Berthold v. Commissioner of Internal Revenue, 404 F.2d 119 (6th Cir.); Fellinger v. United States, 363 F.2d 826 (6th Cir.); R. C. Owen Co. v. Commissioner of Internal Revenue, 351 F.2d 410 (6th Cir.), cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308; and Foresun, Inc. v. Commissioner of Internal Revenue, 348 F.2d 1006 (6th Cir.).

Although *Duberstein* dealt with tax concepts of "gifts" versus "compensation" and the present case involves tax concepts of "dividend income" versus "interest," this Court is convinced that the reasoning of the majority opinion in *Duberstein* affords no meaningful distinction on factual grounds so far as the standard of review is concerned.

In *Berthold, Foresun* and other cases where the clearly erroneous standard favored the collection of the tax by the Government, the Commissioner argued that the determination involved an issue of fact requiring application of the clearly erroneous standard.

In the present case, where the decision of the Tax Court is adverse to the Government, we are invited (as we were in *Austin Village*) to hold that the conclusions of the finder of facts are erroneous as a matter of law.

The Commissioner should not "blow hot or cold, depending on which standard of review would require payment of the tax" (concurring opinion of Judge Edwards in Austin Village, Inc. v. United States, *supra*). It seems that if the Commissioner now is convinced that the findings at the trial tribunal in this type of case should be reviewed as a matter of law, the logical step is to seek reversal of *Duberstein*, which this Court has no power to do. We decline to reverse the decisions of this Court following *Duberstein*.

■ We hold that the findings of the Tax Court in this case are findings of fact. On this appeal this Court will not disturb these findings unless they are clearly erroneous.

■ The Commissioner further urges that even if the clearly erroneous standard of review is applicable, the findings of the Tax Court are clearly erroneous. We hold that the findings of the Tax Court are not clearly erroneous but to the contrary are supported by substantial evidence as set forth in the majority opinion of the Tax Court.

Affirmed.